## BOONE *vs.* RIDGWAY'S EXECUTORS.

A decree of dismissal was, under the particular circumstances of this case, set aside.

Motion to set aside decree of dismissal.

*Mr. S. H. Grey* and *Mr. A. Browning,* for motion.

*Mr. F. Voorhees, contra.*

THE CHANCELLOR.

The complainant moves, on the allegation of surprise, to set aside the decree dismissing the bill. The cause was set down for hearing at the term of February, 1876. The hearing not being then brought on, an order was made on the 29th of that month, in open court, in the presence of the solicitors of the parties, that the complainant bring on the hearing before the Chancellor or Vice-Chancellor on the 3d of April, and that in default thereof the bill be dismissed. The complainant having failed to bring on the hearing according to that order, another order was made on the 24th of April, requiring her to bring on the hearing before the Vice-Chancellor on the 10th of May. These orders were duly served on her solicitor. He did not, however, bring on the hearing on the last-mentioned day, and the bill was accordingly dismissed, with costs. It appears from the affidavits read on the motion, that the decree of dismissal was a surprise to the complainant and to her counsel in Philadelphia, to whom she had confided the management of the cause and the employment of a solicitor here. The order of the 24th of April, was duly served according to its directions, but did not, in fact, reach the hands of the complainant's solicitor. He testifies that he was not aware of such service until the 18th of July. It appears that immediately after the order of the 29th of February was made, he set about the preparation of the case for hearing, but was unable to find the depositions. They had not been filed, and the examiner before whom they were taken was under the impression that he had, on a previous occasion, delivered them to the complainant's solicitor. The latter testifies that after making search for them, the subject " dropped out of his mind " until it was too late to get the case printed in time for the hearing on the 3d of April. As before stated, he testifies that he was not aware until the 18th of July, of the service of the order of the 24th of April upon him. Neither the complainant nor her counsel in Philadelphia, knew of its existence. The depositions were not filed until the 10th of May, the day on which the decree of dismissal was entered. It

appears that they were not in the possession of the complainant's solicitor, as the examiner had supposed they were, when the former called upon him to get them in order to print the case. The complainant is a very aged lady, and necessarily relied upon others for the supervision and management of her cause. She appears to have employed counsel in Philadelphia, as well as a solicitor here. She is chargeable with no laches except such as are imputable to her from the inattention of her solicitor. The action is brought for the recovery of an amount, $2067.50, with interest, which she claims on the ground of mistake, made, as she insists, in an account between her and the defendant's testator in a settlement between him and her in respect to certain property belonging to them. Under the circumstances, she ought to be relieved from the decree of dismissal. She will, however, be required to pay the costs of that decree, and will be put upon terms to bring on the cause for hearing, at such time as the Vice-Chancellor may fix.